SCHOTT, Judge.
This is an appeal by Daniel E. Becnel, Jr., an attorney at law, from a judgment which amended a previous order of the court fixing his attorney’s fee for representing Chaffie Brown in a workmen’s compensation proceeding.
On July 11,1975, Becnel, who represented Brown, filed a motion in which he recited that the original defendants had agreed to pay all past due benefits and he requested authority to pay his attorney’s fee in the amount of $3750[1] out of the initial proceeds of $5481.09, so that Brown could receive all future compensation checks directly from the defendants. He also requested authority to pay the costs of the physicians for services and treatment out of these initial proceeds, with the remainder of the funds to be transferred to Brown after proper accounting was given to him. He obtained an ex parte order granting the motion.
In September, 1975, Becnel moved that the original defendants be held in contempt for failing to pay court costs, and he alleged that they had failed to pay witness fees for nine physicians who testified at the trial and to reimburse him and Brown for various medical bills which Brown incurred. Prior to the hearing on the motion for contempt, the original defendants paid a number of the bills and the trial of the motion was apparently continued indefinitely. On November 17, 1975, Brown, now represented by present counsel, George V. Perez, Jr., filed a motion to schedule a hearing on this motion for contempt previously filed by Becnel, and the contempt proceedings were scheduled for and tried on December 29, 1975.
The transcript of those proceedings begins with a statement by the trial judge that Perez and defendants’ attorney, Robert L. Morris, were late and because Becnel had a jury trial the court could not hold him. However, Becnel had submitted to the court a copy of a letter he wrote to Brown on December 19 in which Becnel stated that he had received a check from the defendants in June for $5481.09 and some additional checks in September and December. Out of these funds he paid medical expenses for Brown and court costs incurred in his behalf in the amount of $3923.21, of which he had been only partially reimbursed by defendants so that he was still short $385.98 on his fee of $3750. However, it developed at the hearing that the defendants had duplicated a number of the payments made to the doctors by Becnel, and the defendants denied liability for some of the medical expenses for which Becnel was claiming reimbursement. During the course of these proceedings Becnel returned to the courtroom, and after lengthy discussion among counsel and the court it was understood that the question of the amount for which Becnel was entitled to be reimbursed by defendants would be calculated by the court.
At this point, Perez raised the question of Becnel’s entitlement to a full fee of $3750 computed on a full recovery of $32,500 in the event that the defendants brought *845 Brown into court at some future date to determine if he was still disabled and still entitled to compensation benefits.
The court took the matter under advisement but reopened it for additional hearing on May 5, 1976.
At this time only Perez and Morris were present and Morris advised the court that all of the problems concerning duplication of payments and proper reimbursement to Becnel had been resolved. The only thing remaining was Becnel’s disposition of the $5841.09 he received in June to cover the back compensation due Brown plus accrued interest. (85 weekly payments of $65 plus $316.09 interest). Perez suggested that Becnel was a necessary party to the proceedings since the issue was Becnel’s entitlement to full fee on the total amount of future payments when the claimant is limited by law in a lump-sum settlement to a discounted amount for the current value of future dollars. On the basis of this hearing and despite Becnel’s absence the trial judge rendered the judgment which is now on appeal.
In his reasons for judgment the court referred to R.S. 23:1141 providing that attorney’s fees be paid from the award in the manner fixed by the court, and observed that, while the award is for the maximum time period there is the possibility that the duration of the injury would be for a lesser period, in which case the full award would not be realized by the claimant. He decided that it was error to fix the attorney fee on future payments and limited Becnel’s fee to an amount based on the total compensation payments made to Brown as of the date of the judgment, i. e., $8,961.09. Thus, he awarded Becnel an attorney’s fee at 20% of the first $5,000 and 10% of the balance, for a total of $1396.11.
The first issue is whether or not the proper procedure was followed in May, 1976, for a reduction of Becnel’s fee from the amount set in July, 1975. The record shows that the July ex parte order was not a final judgment so that it was not res judicata and was subject to amendment. But, Becnel was never served with any pleadings to suggest that Brown was seeking to amend the July order and reduce his fee. When Becnel made a brief appearance in court in December, 1975, the attention of the parties was directed primarily to the problem of the payment of medical expenses and court costs as between Becnel and the defendants. When the trial court made his decision in May, which led to the judgment appealed from, Becnel was not present and was given no opportunity for a hearing on the reduction of his fee.
In this court Becnel has stated that the idea of taking his fee based on all future payments out of the first monies paid by defendants to Brown was Brown’s idea. According to Becnel, Brown wanted the future payments to come directly to him intact and without any liability for attorney’s fees. We have concluded that the case should be remanded to the trial court so that Becnel may have an opportunity to respond to and have a hearing on Brown’s proposal to reduce the fee. However, it is appropriate to mention in this opinion certain restrictions under the law with reference to Becnel’s attorney’s fee and to suggest some of the issues which need a resolution.
R.S. 23:1141 provides that claims of attorneys for legal services in connection with any workmen’s compensation claim shall not be enforceable unless approved by the court. It provides further that such claims shall be paid only in the manner fixed by the court, and it places a maximum of 20% of the first $5,000 and 10% of any part of the award over $5,000.
In this case, Brown was awarded maximum compensation of $65 per week for 500 weeks, and the trial judge originally awarded the $3750 attorney’s fee based on a maximum recovery of $32,500 by Brown at a time when Brown had received only 133 weekly payments. R.S. 23:1274 provides that the amounts payable to the claimant as compensation may be commuted to a lump-sum settlement by agreement of the parties. Thus, Brown will continue to receive the weekly payments unless he and the defendants agree to a lump-sum settlement, *846 in which case the settlement would be a discounted amount considerably less than $32,500.
If the claimant who elects to receive a lump-sum settlement is paid a discounted amount which is considerably less than he would receive over the duration of 500 weeks, it follows that the attorney who elects to receive a lump-sum fee in lieu of a percentage of the future payments should be limited to the discounted percent value of those future payments to him. Accordingly, the initial award of $3750 to Becnel was excessive.
We have further considered the argument made by Brown that the defendants may succeed in cutting off his compensation in the event that they can prove that he is no longer disabled, in which case Bec-nel should not be entitled to a fee based on the full amount. According to Becnel, Brown made the agreement with him in the first instance because he thought it would be more convenient to receive the full amounts of the weekly payments. If the trial court finds that they entered into a binding contract to that effect it is the law between the parties unless contrary to law. LSA-C.C. Arts. 11 and 1901. We are not aware of any prohibition against such an agreement which would make it unenforceable.
It will be necessary for the trial court to decide whether or not such an agreement was made between Becnel and Brown. If the court finds that such an agreement was made Becnel is entitled to a full fee computed in accordance with R.S. 23:1141 on all compensation payments made to Brown as of the date of the agreement plus the discounted value of what his full fee would be on the remaining payments.
Accordingly, the judgment appealed from is reversed and set aside, and the case is remanded to the district court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.

. Brown had been awarded a judgment on June 2, 1975, for $65 per week for 500 weeks for total and permanent disability. Becnel’s fee was based on $32,500 and computed at the maximum amount permitted by LSA-R.S. 23:1141.